## MOSS v. BLYTH.

(Supreme Court, Appellate Term. March 1, 1905.)

LEASE—GUARANTY—CONSTRUCTION—WATER RENTS.

    Where a lease bound the lessee to pay water rents taxed against the premises, and defendant individually guarantied payment of rents under the lease after November 1, 1901, and also individually guarantied her fulfillment, as executrix, of all the covenants and conditions of her decedent under the lease, she was individually liable on such guaranty only for water rents and meter charges accruing after the date specified.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Morris H. Moss against Margery Blyth. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Modified.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Denis A. Spellissy, for appellant.

Lewis M. White, for respondent.

SCOTT, J. The only individual liability of defendant, and therefore the only liability which can be enforced in this action is that which she assumed under her agreement with plaintiff's assignor. By that agreement, which was executed on October 12, 1901, she, in effect, assumed from November 1, 1901 all the obligations of the lease theretofore made by her husband. Her agreement was in these words:

"The said Margaret Blyth does hereby guarantee individually the payment of all future rents which may become due under said lease from and after the 1st of November 1901, until the expiration of said lease, and also guarantees individually the fulfillment by her, as executrix under the last will and testament of John Howard, deceased, of all the covenants and conditions of said lease."

This agreement, as I read it, applies only to fulfillment in the future of the conditions one of which is that the lessee will pay the annual rent or charge which is or may be assessed or imposed according to law upon the premises for the Croton water on or before the 1st day of August in each year during the term. I have no doubt that under the circumstances of this case this covenant covered meter charges, and that the original lessee was bound to pay these charges, and that defendant also became bound, as guarantor, to pay them; but her liability, arising only from the instrument of guaranty, cannot be held to apply to any such rents which became payable by her testator before November 1, 1901. Such charges, if they had not been paid by him, were neither assumed nor guarantied by defendant individually, but constituted a claim against his estate. It appears from the return that the justice included in his judgment meter rents which accrued and became payable before defendant excuted her agreement of guaranty. These, with interest also allowed, amount to $181.01, which, as already pointed out, constituted an indebtedness of the deceased, and which were not assumed nor guarantied by defendant. The judgment

should be reduced by that amount, with the appropriate reduction of costs.

The judgment must be reduced to the sum of $231.36, and, as reduced, affirmed, without costs.

DAVIS, J., concurs. MacLEAN, J., taking no part.